Joshua M. Lurie, Esq. (0788)
Lurie|Strupinsky, LLP
15 Warren Street, Suite 36
Hackensack, New Jersey 07601
Ph. 201-518-9999
Fax. 347-772-3074
Attorneys for Plaintiff

| | |
|---|---|
| MOVAGE, INC., <br><br> Plaintiff, <br><br> vs. <br><br> XPRESS MOVERS, LLC; WORLD MEDIA GROUP, LLC d/b/a MYMOVINGREVIEW; MARTIN PANAYOTOV; JOHN AND JANE DOES 1-20 (Fictitious Names Representing the Employees, Agents, Owners, Operators or Others with Controlling Interests in Defendants XPRESS MOVERS, LLC or WORLD MEDIA GROUP, LLC); BUSINESS ENTITIES A-J (Fictitious Names Representing any Commercial or Business Entities that are the Owners, Operators, or Others with Controlling Interests in Defendants XPRESS MOVERS, LLC or WORLD MEDIA GROUP, LLC), <br><br> Defendants. | UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY <br><br> Civil Case No.: <br><br> CIVIL ACTION <br><br> **COMPLAINT AND DESIGNATION OF TRIAL COUNSEL** |

Plaintiff, Movage, Inc., by way of Verified Complaint against the Defendants, says:

**PRELIMINARY STATEMENT OF THE CASE**

1. This case relates to a relatively new struggle that businesses face in the age of the Internet, where deceptive business practices shift on-line, with little oversight (except by competitors), to harm others in such a way that would not be permissible through alternative forms of advertisement that are more closely regulated.

2. This is a matter related to an advertising scheme perpetuated by the Defendants to misrepresent the source and purpose of the website "www.mymovingreviews.com" to make it

appear to be an independent source of information when, in reality, it is little more than an advertising portal for Defendant Xpress Movers.

3.      In addition to the misrepresentation as to the source/identity of the operation of the website, Defendants have taken certain action to cause reputational damage to Xpress Movers' competitors, such as the Plaintiff, the above-named website by creating and/or posting false negative reviews, such that it lowers the score of Xpress Movers' competitors while, concurrently, posting their own company (Xpress Movers) at the top of the web pages.  The purpose is to denigrate competitors while showing themselves to be a viable alternative.

## PARTIES

4.      Plaintiff, Movage, Inc. ("Movage") is New York corporation with its principal place of business being located at 10 Malcolm Avenue, Teterboro, Bergen County, New Jersey.

5.      Defendant Xpress Movers, LLC ("Xpress") is, upon information and belief, a Massachusetts limited liability company located at 5 Waltham Street, Wilmington, Middlesex County, Massachusetts.

6.      Defendant World Media Group, LLC d/b/a mymovingreviews.com ("WMG") is a Delaware limited liability company, located at 8 The Green, Suite 6769, Dover, Delaware and is servable at "A Registered Agent, Inc." at the same address, Suite A, Dover, Delaware.

7.      Defendant Martin Panayotov ("Panayotov") is, upon information and belief, the principal of both commercial defendants named herein and is servable at Xpress Movers, LLC's business in Massachusetts.

8.      The John Does and Business Entity defendants are fictitious parties identified as such because their identities are not known at this time and who may be liable to the Plaintiff for the damages and harms as set forth herein such that an amended complaint would be necessary.

**JURISDICTION AND VENUE**

9.       This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338 because this matter involves violations of the *Lanham Act*, including Section 43(a) (15 U.S.C. § 1125(a) as the conduct herein evidences conduct which is a false or misleading representation of fact in the connection of the provision of goods or services in violation thereof.

10.       As to claims under New Jersey State Law, this Court has supplemental subject matter jurisdiction over the pendant state law and common law claims pursuant to 28 U.S.C. § 1367 as those claims are so intertwined with those claims to which the Court has original jurisdiction.

11.       Venue is proper in this District under 28 U.S.C. § 1391 (b) and (c) because a substantial part of the acts or omissions giving rise to this action occurred in this District and Defendants are subject to personal jurisdiction in this District.

**FACTS RELEVANT TO ALL CLAIMS**

12.       Movage is a highly rated, small, privately owned moving company.   It predominately provides services originating out of the New York City, but it serves the tri-State area.  It has been in existence for greater than 10 years.

13.       Movage is the sole and exclusive owner of the Mark, MOVAGE, as registered with the United States Patent and Trademark Office under Registration Number 4698525.   The following is the Mark:



14.     In   approximately   2009,   Movage   became   aware   of   the   website www.mymovingreview.com.

15.     As a common practice in the industry, Movage requested that its customers provide reviews of its services on as many internet sites as possible – including Yelp.

16.     With the knowledge of this new website which appeared to be targeted for Plaintiff's business, it began requesting reviews on www.mymovingreviews.com.

17.     Wanting to know more about the site in 2009, Movage's principal called the telephone number provided at that time and was surprised when the person who answered the phone identified themselves as "Xpress Movers."

18.     At the time, as far as Movage was aware, Xpress Movers was not a direct competitor of Movage and, notwithstanding Movage's knowledge of the intertwining of the moving company and review page, it continued to request its clients provide reviews there

19.     As with any company, not all truthful reviews were stellar.  Indeed, Movage had 8 negative (1 star) reviews posted – the last real one being in June of 2018.  However, being like any other gripe page, some of the reviews were exaggerations.  One, from 2015, was even a neighbor complaining about propping a door to a building open to perform the move: the reviewer (not the customer) was upset.  However, Movage continued to request that its clients keep posting truthful reviews and earned aa composite positive review score (nearly 5 out of 5 stars) until February of 2020.

20.     Movage noticed an influx of negative (1-star, out of 5) posts in February of 2020. During that month, there were 10 (ten) 1-star reviews which dropped Plaintiff's overall review score from nearly 5 stars to 3 stars. This has continued into March of 2020, that is to say, the present time.

21. Also, , suddenly on the top of Movage's page was a conspicuous ad for the now 5-star Xpress Movers. This advertisement for Xpress appears prominently on Movage's reviews' page. The effect and intent is clear: "Don't use Movage, with its bad reviews, use Xpress!"

22. Unnerved by these negative reviews, Plaintiff checked its records. Not a single individual who posted one of these reviews in February or March of 2020 was an actual customer of Movage.

23. Movage also noted that, at some point, Xpress had listed its states of operation to include New York and New Jersey, where Movage does nearly all of its moves, either for their entirety or as the origination point.

24. Upon information and belief, Defendants, either on their own or in conjunction with others, fabricated false negative reviews of Movage in order to lower its score, while concurrently redirecting customers to Xpress.

25. At no point, and in no place, does www.mymovingreviews.com indicate common ownership with Xpress Movers or provide the public with any information such that the general public would be aware of these interconnections between the businesses. It also does not indicate that these reviews of its competitors are fake.

26. As a result of the conduct of the Defendants, Plaintiff has been irreparably harmed and damaged, not only financially, but reputationally

### FIRST CAUSE OF ACTION
**Trade Dress Infringement and False Designation of Origin
in Violation of Section 43(a) of the Lanham Act
(15 U.S.C. § 1125(a))**

27. Plaintiff repeats and realleges the preceding paragraphs as if set forth in full herein.

28. Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), sets forth, in pertinent part, that:

Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which . . . (1)(a) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person . . . shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

29.     In the course of providing goods and/or services in interstate commerce; by failing to disclose to the general public that www.mymovingreviews.com has common ownership with Xpress, making and/or posting false and libelous reviews on its website, while concurrently directing traffic to Xpress, these defendants have used "false designations of origin" and "false or misleading representations of fact" that are likely to cause confusion, mistake or deception as to the affiliation or connection of these defendants to one another and through such misrepresentations of fact and false designations of the reviews, Defendants have violated of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

30.     Defendants' acts constitute the use in commerce of false designations of origin and false and/or misleading descriptions or representations, tending to falsely or misleadingly describe and/or represent the services or conduct of Plaintiff, in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

31.     Defendants' wrongful acts will continue unless and until enjoined by this Court.

32.     Defendants' acts have caused and will continue to cause irreparable injury to Plaintiff. Plaintiff has no adequate remedy at law and is thus damaged in an amount yet to be determined.

33.     Defendants' egregious conduct is willful and intentional.

34.     As a result of Defendants' conduct, Plaintiff is harmed and damaged, entitled to monetary or other relief in an amount to be determined at trial, as well as injunctive relief.

**SECOND CAUSE OF ACTION**
**Federal Trademark Infringement In Violation of**
**Sections 32 of the Lanham Act (15 U.S.C. § 1114))**

35.     Plaintiff repeats and realleges the preceding paragraphs as if set forth in full herein.

36.     Sections 32(1)(a) of the Lanham Act, 15 U.S.C. § 1114(1)(a), prohibits any person using in commerce, without the consent of the registrant:

> *Any* reproduction, counterfeit, copy, or colorable imitation of a registered mark in connection with the sale, offering for sale, distribution, or advertising of any goods or services on or in connection with which such use is likely to cause confusion, or to cause mistake, or to deceive . . .

37.     The MOVAGE trademark is federally registered.  The trademark is distinctive and is associated in the mind of the public, with respect to the moving industry, with Movage.

38.     Additionally, based upon Movage, by way of contract or otherwise, extensive advertising, sales, and the popularity of the  services bearing the MOVAGE trademark, and Movage's extensive conduct in protecting said trademark, the mark MOVAGE, as it relates to moving services, has acquired secondary meaning so that the public associates the trademark solely and exclusively with Movage.

39.     Defendants have utilized and are utilizing counterfeit and/or unauthorized reproduction of the MOVAGE trademark in connection with the advertising, sale and offering for sale of services for their own financial gain.

40.     Movage did not authorize Defendants' use of the MOVAGE trademark for their financial gain, and the Defendants' deceptive conduct does not qualify as nominative use

41.     Defendants' unauthorized use of the MOVAGE trademark on, or in connection with, the advertising and sale of its own services constitutes the use of Movage's registered mark in commerce.

42.     Defendants' unauthorized use of the MOVAGE trademark is likely to cause confusion, mistake, or deception; cause the public to believe that these Defendants' services emanate or originate from Movage when they do not, or that Movage has authorized, sponsored, approved or otherwise associated itself with these Defendants or their unauthorized services bearing the MOVAGE trademark.

43.     Defendants' unauthorized use of the MOVAGE trademark has resulted in these defendants unfairly and illegally benefiting from Movage's goodwill.  This has caused, and continues to cause, irreparable injury to the public, Movage, the MOVAGE trademark, and the substantial goodwill represented as a result.

44.     Defendants' use of Movage's logo in their unauthorized use of Movage's trademark is likely to enhance the confusion as to the source, sponsorship, affiliation, or endorsement of the services offered by these defendants to believe that it originated from Movage.

45.     Therefore, Defendants have engaged in trademark infringement in violation of 15 U.S.C. § 1114.

46.     Defendants acts have caused, and will continue to cause, irreparable injury to Movage.

47.     Movage has no adequate remedy at law and is thus entitled to damages in an amount yet to be determined.

48.    The Defendants egregious conduct in repeatedly selling their services through advertisements bearing the unauthorized MOVAGE trademark is willful and intentional, and thus this constitutes an exceptional case.

### THIRD CAUSE OF ACTION
### Federal Trademark Dilution in Violation of
### Section 43(c) of the Lanham Act
### (15 U.S.C. § 1125(c))

49.    Plaintiff repeats and realleges the preceding paragraphs as if set forth in full herein.

50.    Section 43(c)(1) of the Lanham Act, 15 U.S.C. § 1125(c)(1), sets forth, in pertinent part, that:

> Subject to the principles of equity, the owner of a famous mark that is distinctive, inherently or through acquired distinctiveness, shall be entitled to an injunction against another person who, at any time after the owner's mark has become famous, commences use of a mark or trade name in commerce that is likely to cause dilution by blurring or dilution by tarnishment of the famous mark, regardless of the presence or absence of actual or likely confusion, of competition, or of actual economic injury.

51.    Movage is the exclusive owner of the MOVAGE service mark trademark.

52.    The MOVAGE trademark is famous and distinctive within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

53.    The MOVAGE trademark is distinctive in its industry and have been in use for several years, even prior to final registration thereof, and play a prominent role in Movage's marketing, advertising and the popularity of its services across many different media.

54.    The MOVAGE trademark was "famous and distinctive" within the meaning of Section 43(c) of the Lanham Act long before these defendants began using unauthorized

reproductions, counterfeits, copies and colorable imitations of the MOVAGE trademark for their unauthorized services and advertisements.

55.    The MOVAGE trademark has gained widespread publicity and public recognition, especially in the moving industry, in New Jersey, New York and elsewhere.

56.    To enhance its rights, Movage, obtained federal registration for the MOVAGE trademark for the purposes of moving services.

57.    These defendants' sale of services that use the MOVAGE trademark constitutes use in commerce thereof.

58.    Movage has not licensed or otherwise authorized the use of the MOVAGE trademark to these defendants for the advertisement of their own services.

59.    Consumers are being misled to purchase these defendants' services in the erroneous belief that these defendants are associated with, sponsored by, or affiliated with Movage, or that Move is the source of the services advertised or have used Moveage's trademark in the furtherance of their advertising their services.

60.    Defendants' use of the MOVAGE trademark dilutes and/or is likely to dilute the distinctive quality of the mark and to lessen the capacity of the mark to identify and distinguish Movage's services.  These defendants' unlawful use of the MOVAGE trademark in connection with other inferior services is likely to tarnish those trademarks and cause blurring in the minds of consumer in the moving industry between Movage and these defendants, thereby lessening the value of the Movage trademark as a unique identifier of Movage's services.

61.    Defendants' acts have caused, and will continue to cause, irreparable injury to Movage.  Movage has no adequate remedy at law and is thus damages in an amount yet to be determined.

**FOURTH CAUSE OF ACTION**
**Fraud**

62.     Plaintiff repeats and realleges the facts as set forth in the preceding paragraphs as if set forth in full herein.

63.     Defendants, through their conduct as set forth above, have created a scheme whereby they are making material misrepresentations to the public with respect to the quality of the services of Movage through false and defamatory posts on their website while, concurrently, advertising their own services on the top of these false posts.

64.     In their activities as set forth herein, the Defendants make innumerable material misrepresentations and omissions with respect to their interrelated nature and that the posts are true or real.

65.     The intent of the conduct of Defendants is to decrease the reputation of Movage to their benefit through these misrepresentations and omissions.

66.     Movage has been harmed and will continue to be harmed as a result of these false and defamatory posts which are fraudulently created by Defendants to cause this harm.

67.     As a result of Defendants' conduct, Movage has been harmed and damaged and is entitled to damages as determined at trial along with injunctive and other relief.

**FIFTH COUNT**
**Defamation/Libel/Trade Libel**

68.     Plaintiff repeats and realleges the facts as set forth in the preceding paragraphs as if set forth in full herein.

69.     Defendants have made innumerable false and defamatory claims about Movage in an effort to harm their business and increase Defendants' business.

70.     The statements made in these fabricated posts are demonstratively false and their posting is a malicious act by the Defendants to decrease the reputation of Movage.

71.     The conduct has, upon information and belief, decreased the reputation of Movage and caused financial harm.

72.     As a result of Defendants' conduct, Movage has been harmed and damaged and is entitled to damages as determined at trial.

### SIXTH CAUSE OF ACTION
**(Punitive Damages)**

73.     Plaintiff repeats and realleges the facts as set forth in the preceding paragraphs as if set forth in full herein.

74.     The conduct, as set forth in the preceding counts, were done with actual malice, or accompanied by a wanton and willful disregard of persons who foreseeably might be harmed by those acts and/or omissions.

75.     The Defendants knew, or should have known, at relevant times, that serious harm would arise from their conduct.

76.     Defendants were aware and recklessly disregarded the likelihood that the serious harm at issue would arise from their conduct.

77.     These Defendants continued the conduct as set forth above and continue to do so.

78.     Plaintiff has been harmed and seriously damaged as a result of the conduct of these Defendants.

79.     Due to the facts alleged herein, under the New Jersey Punitive Damages Act, *N.J.S.A.* 2A:15-5.9-12, allows punitive damages to be awarded.

**WHEREFORE**, Movage respectfully requests that the Court enter judgment in favor and against the Defendants, jointly and severally, as follows:

A.  Compensatory damages;

B.  Actual, Special, Exemplary and/or Nominal Damages;

C.  Injunctive Relief;

D.  Punitive Damages;

E.  Legal Fees and Costs of Suit;

F.  Pre-judgment and Post-judgment interest; and

G.  Such other relief as this Court deems to be just and equitable.

## JURY REQUEST

Plaintiff demands a trial by jury.

## LOCAL CIV. RULE 11.2 CERTIFICATION

By signing below, counsel for Plaintiff confirms that the within matter in controversy is not the subject of any other action pending in any court or any other pending arbitration or administrative proceeding.

LURIE|STRUPINSKY, LLP
Attorneys for Plaintiff


By: _____
JOSHUA M. LURIE

DATED: April 7, 2020